## THE VILLAGE OF LA GRANGE
### V.
## HERMAN BENZE.

*Master and Servant—Municipal Corporation—Local Improvements—Special Assessments—Commissioner's Compensation—Recovery of.*

Where a municipality retains a person as commissioner to make a special assessment, the necessary preparatory work which he may do before taking the oath of office, is a part of the service for which he should be paid, and he is likewise entitled to compensation for services rendered before his appointment, if the same were performed at the request of the municipal authorities.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. LYMAN & JACKSON and H. V. FREEMAN, for appellant.

Mr. ADOLPH F. C. MUELLER, for appellee.

GARY, J. This record shows that in the summer of 1886 the appellants, proposing to construct sewers in the village, the expense to be defrayed by special assessment, retained the appellee to render service as a commissioner in making such assessment. Such commissioners are, under the law, appointed by the County Court, but it is well known that in practice the court acts upon the suggestion of the attorney of the municipality, in designating the persons who shall serve. The commissioners for this assessment took the oath of office August 19, 1886, and certified to the assessment role, in detail, the 30th of the same month.

Upon these facts the appellants contend that, until his appointment as commissioner, the services of the appellee could not begin, and being ended on the completion of the roll, the question is: "What were Mr. Benze's services, between August 19, 1886, and August 30, 1886, in assisting in making this

Village of La Grange v. Benze.

assessment, worth?" There is no statute by which the compensation is fixed. Either the appellee is entitled to nothing or to a reasonable compensation for the actual service.

The appellants admit, at least do not dispute, that the village is responsible for such reasonable compensation. The appellee testifies that he was retained in the latter part of July, 1886, and very urgently solicited to undertake the business, so as to get the roll ready for the September term of the County Court; that he told the village authorities that the time was too short; he would have to stop all other work, and then it would be doubtful whether he would be able to get it out; that he did all the figuring and made the calculations; although there were three commissioners, usually one man had the work to do, and that he worked at it six weeks, not only during the day time, but of evenings, including Sundays. None of this testimony was disputed, and is now only met by the assertion that the services of the appellee could not begin until he had been appointed commissioner.

The date of his appointment does not appear in the record. It does appear that the village ordinances ordering the construction of sewers were passed June 25, 1886. When a commissioner has been appointed, though he has not taken the oath of office (or, even before his appointment, if at the request of the village authorities), the necessary preparatory work that he may do for making a just and equal assessment is a part of the services, for which he should be paid, as much as the actual results of such preparations when embodied in the roll.

The evidence as to a reasonable compensation ranged from $150 to $900 for the work, as a whole, or as a *per diem* about $15 per day. The court allowed $375, probably as the result of a calculation of twenty-five days' service, at $15 per day, and not encouraging the appellee to work hereafter nights and Sundays.

This finding of the court, with no other complaint than as to the amount, is an end of the controversy, and the judgment is affirmed.

*Judgment affirmed.*